UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORIS PILLETTE ET AL. | CIVIL ACTION |
| VERSUS | NO. 25-1730 |
| ITG BRANDS, LLC ET AL. | SECTION: "J"(5) |

### ORDER & REASONS

Considering the foregoing *Plaintiffs' Motion to Remand to State Court* **(Rec. Doc. 21)**, filed by Plaintiffs, Kenya Pillette Jack, Shawna Pillette-Moll, Jared Pillette, and Kayla Pillette,

**IT IS HEREBY ORDERED** that the motion is **DENIED** for the reasons explained below.

In their motion, Plaintiffs argue that the case should be remanded to state court because Defendant Huntington Ingalls Incorporated f/k/a Avondale Shipyards, Inc. ("Huntington Ingalls") failed to timely file its Notice of Removal (Rec. Doc. 1). It is undisputed that Defendant Huntington Ingalls was served with Plaintiffs' Third Supplemental and Amended Petition for Damages on July 23, 2025. The issue before the Court is when the Clerk's Office officially accepted the Notice of Removal that Huntington Ingalls initially filed on August 22, 2025.

Even though it was timely, Plaintiffs contend that Defendant Huntington Ingalls's August 22nd filing does not count due to a clerical error, i.e., because all parties were not listed in the caption, and "[i]t was not until the third filing that

Counsel for Plaintiff finally got CM/ECF notification of electronic filing on August 26, 2025." (Rec. Doc. 21-1, at 2). Accordingly, Plaintiffs argue that Huntington Ingalls filed its Notice of Removal four or five days late. (*See* Rec. Doc. 21-1, at 2).

However, the Notice of Removal was filed and accepted by the Clerk's Office, notwithstanding any clerical errors in the case caption, on August 22, 2025, which was within 30 days of Huntington Ingalls's being served with Plaintiffs' Complaint.

Additionally, Plaintiffs argue that under the Eastern District of Louisiana's Administrative Procedures for Electronic Filings, "[f]ilings not accepted or entered by the Clerk and/or omission of all named defendants from the Notice of Removal is not a curable 'error' or 'deficiency' within the local rules; it is a statutory defect under 28 U.S.C. § 1446(a)." (Rec. Doc. 21-1, at 4). In this case, however, Huntington Ingalls's Notice of Removal *was* accepted by the Clerk on August 22, 2025, and the case was assigned to a District Judge on that same date. The only hiccup was that the Notice of Removal contained an error, specifically a clerical error, because it did not list all Defendants in the case caption, but to remedy this clerical error, the Clerk's Office communicated directly with counsel for Huntington Ingalls on August 22 after docketing the filing.

In their opposition, Plaintiffs focus on the distinction between "errors" and "deficiencies" in electronic case filings and then argue that the clerical error in the Notice of Removal was neither, but that instead it represents a statutory defect under 28 U.S.C. § 1446(a). However, this is simply not the case. Huntington Ingalls filed its Notice of Removal timely on August 22, 2025. Furthermore, Huntington Ingalls avers

that not only did it receive an ECF notification email for this August 22nd transaction, but also, it served the "as-filed, ECF date-stamped copy of the Notice of Removal" on all counsel, including Plaintiffs', on August 22. (Rec. Doc. 50, at 2). Plaintiffs failed to acknowledge this actual notice when they asserted that they did not receive a CM/ECF notification of the electronic filing of Huntington Ingalls's Notice of Removal until August 26, 2025.

Finally, Plaintiffs make much of the fact that "courts must construe removal statutes 'narrowly, with doubts resolved in favor of remand to the state court.'" (Rec. Doc. 21-1, at 3 (quoting *Mendoza v. Old Republic Ins. Co.*, No. 11-3040, 2012 WL 2049525, at *4 (E.D. La. June 6, 2012)). While Plaintiffs state the law correctly, Huntington Ingalls removed the instant case to federal court under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). Huntington Ingalls correctly cites the United States Supreme Court's holding regarding this specific statute: "the right of removal is absolute for conduct performed under color of federal office," and "the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" (Rec. Doc. 50, at 5 (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)). Therefore, while Plaintiffs are correct that the 30-day period for removal is a statutory requirement, when such notice is filed timely, particularly under § 1442(a)(1), a court cannot second-guess the Clerk's Office's determination that the notice was filed on a particular date. In this case, Defendant Huntington Ingalls filed its Notice of Removal timely on August 22, 2025, within 30 days of being served with Plaintiffs' Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 21)** is **DENIED**.

New Orleans, Louisiana, this 17th day of November, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE